UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. CHRIS MOCERI,

       Plaintiff(s),

v.

BETTER MADE SNACK FOODS INC.,
ET AL.,

       Defendant(s).

_____/

Case No. 04-70354

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [33]**

Plaintiff's motion for relief from order, which is construed as a motion for reconsideration, is presently before the Court.  For the reasons that follow, the motion is DENIED.

**I.    Procedural History**

Plaintiff J. Chris Moceri ("Plaintiff") brought an action against his former employer, Defendant Better Made Snack Foods Incorporated ("Better Made" or "the Company"), and other members of the company alleging

      (i) violations of the Employee Retirement Income Security Act ("ERISA"),
      (ii) breach of contract,
      (iii) legitimate expectations,
      (iv) silent fraud,
      (v) actual/constructive fraud,
      (vi) tortious interference with a contractual relationship,
      (vii) intentional infliction of emotional distress, and
      (viii) civil conspiracy.

(Compl. ¶¶ 39-86.)  Defendants subsequently filed a motion seeking summary judgment on all counts.  The Court granted the motion as to Plaintiff's claims of fraud, tortious interference with a contractual relationship, intentional infliction of emotional distress, and civil conspiracy.  Plaintiff filed a timely motion for reconsideration regarding the fraud claims.

## II.    Standard of Review

Pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration may be filed within ten days after the order to which it objects is issued.  It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect.  A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

## III.   Analysis

Plaintiff's was a member of Better Made's Board of Directors and the Executive Committee.  As noted, he alleges that Defendants acted fraudulently.  Specifically, he complains that Defendants concealed their plan to (1) have Better Made borrow money in order to enter into a stock redemption agreement with one of its shareholder and (2) terminate his employment.  (Compl. ¶ 63.)  He also alleges that there were misrepresentations about the stock redemption agreement.  (Compl. ¶ 68.)

The Court found that Defendants' motion on this issue must be granted because Plaintiff did not show that he suffered any damages as a result of this alleged conduct. Plaintiff now, in his motion for reconsideration, contends that he suffered emotional distress as a result of his termination.

2

Plaintiff's argument misses the point.  First, the Court notes that Defendants did not have a duty to disclose Plaintiff's termination.  Hiring practices are decisions made by the Company's shareholders.  Plaintiff was not a member of this group and, thus, was not entitled to this disclosure.  An employer does not generally have a duty to disclose to its employees that it will end the employment relationship.  Arguably, Defendants had a duty to disclose the information about Better Made's business actions to Plaintiff, a member of the Board of Directors.  In the Court's previous order, however, it made clear that Plaintiff's termination could have occurred regardless of the stock redemption agreement.  Plaintiff claims that "[b]y preventing or postponing the stock redemption, [he] . . . would have remained employed at Better Made . . . . "  (Pl.'s Mot. at 4.)  This contention is not, however, supported by any evidence.  Plaintiff's alleged emotional distress is a result of his termination, not because he was unable to participate in Better Made's decision to borrow money and purchase some of its stock.  Plaintiff has not alleged any damages that are related to its fraud claim.  His motion must therefore be denied.

## IV.  Conclusion

For the reasons stated above, the Court hereby orders that Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 28, 2005

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager